**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MINA SABER LABIB SOLIMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-926

Agency No.
A216-553-900

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2024
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Mina Saber Labib Soliman is a citizen of Egypt. He petitions for review of a

decision of the Board of Immigration Appeals ("BIA") denying his motion to

reopen proceedings to seek asylum and withholding of removal based on changed

circumstances in Egypt. We have jurisdiction under 8 U.S.C. § 1252. We review

the BIA's denial of a motion to reopen for abuse of discretion, and we defer to the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

BIA's exercise of discretion unless it acts arbitrarily, irrationally, or contrary to law. *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023). We deny the petition.

1. To prevail on a motion to reopen on the basis of changed country conditions, a petitioner must: "(1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) 'demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)). The new evidence must be "qualitatively different" from the evidence presented at the previous hearing. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

Here, the BIA did not abuse its discretion in denying Soliman's motion to reopen. As the BIA noted, the evidence that Soliman submitted in support of his motion to reopen, including both country condition reports and evidence of an attack on his mother and nieces, merely "reflects a continuation of an unfortunate longstanding problem of religious discrimination and violence in Egypt, not a material change." The 2020 annual report of the U.S. Commission on International

Religious Freedom stated that "religious freedom conditions in Egypt continued to trend tentatively in a positive direction" in 2019. The 2021 annual report described conditions as "largely static" in 2020. Because Soliman's evidence "simply recounts previous conditions presented at [his] previous hearing," it is insufficient to show a change in country conditions.[1] *Agonafer*, 859 F.3d at 1204.

Soliman also argues that "[t]he BIA's decision to summarily state that it considered the evidence, followed by citing a large range of exhibits, . . . is not sufficient." But "we apply a presumption that the BIA did review the record," and the BIA need not expressly discuss "evidence that is neither highly probative nor potentially dispositive." *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022) (cleaned up). The BIA is also not required to "individually identify and discuss every piece of evidence in the record." *Id.* at 770. As such, Soliman has not shown that the BIA failed to consider the evidence.

2. For the first time on appeal, Soliman argues that his deadline to file a motion to reopen should be equitably tolled. Soliman did not raise this issue before the BIA and has therefore failed to exhaust it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 423 (2023) (holding that, although 8 U.S.C. § 1252(d)(1)'s exhaustion

---

[1] Soliman also argues that the BIA erred by failing to reach the issue of whether he established prima facie eligibility for relief. The BIA, however, can deny a motion to reopen based solely on a petitioner's failure to introduce previously unavailable, material evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

requirement is not jurisdictional, it is still subject to the rules regarding waiver and forfeiture); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (finding exhaustion requirement mandatory when a party timely urges the court to apply it and declining to consider an issue that the petitioner failed to exhaust before the BIA).

**PETITION DENIED.**